IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2266-BO

| LANCE ADAM GOLDMAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GEORGE KENWORTHY, | ) | |
| Respondent. | ) | |

Lance Adam Goldman, a state prisoner, petitions this court for a writ of habeas pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts.[1] It does not clearly appear from the face of the petition that petitioner is not entitled to relief, and the matter is allowed to proceed. Therefore, the Clerk is directed to continue management of the petition.

Secondly, petitioner has filed a motion for appointment of counsel. (D.E. # 3) It is well-established that there is no constitutional right to counsel in civil cases. *See Lyles v. Signal*, 1997 WL 577651, at *1 (4th Cir. 1997) (unpublished); *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially

---

[1] Prior to conducting this frivolity review, plaintiff also filed a motion to amend. A party may amend his pleading once as a matter of right, prior to the filing of a responsive pleading. Otherwise a party may amend the pleading only by leave and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a). A responsive pleading has not been filed. The court shall allow the March 7, 2011, motion to amend (D.E. # 4). Therefore, the court conducts the initial review as to both the original complaint and the motion to amend.

unable to obtain representation. The request has been reviewed and the undersigned finds that this case does not presently require appointment of counsel. The motion for appointment of counsel are DENIED. (D.E. # 3)

Lastly, petitioner has filed a motion for discovery. (D.E. # 6). A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases states "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." At this time, petitioner fails to establish good cause to conduct discovery. Further, it is likely that respondent will provide petitioner with pertinent documents in future dispositive filings. The motions is DENIED. (D.E. # 6).

Accordingly, the motion to amend (D.E. # 4) is ALLOWED and the petition is ALLOWED to proceed. Petitioner's motion for appointment of counsel (D.E. # 3) and motion for discovery (D.E. # 6) are DENIED.

SO ORDERED, this __ day of April 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE