IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2266-BO

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GEORGE KENWORTHY, | ) | |
| Respondent. | ) | |

Lance Adam Goldman, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. George Kenworthy ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation (D.E. #14 and 15). 28 U.S.C. § 2244(d)(1). Petitioner responded (D.E. # 17) and respondent replied (D.E. # 21). Respondent has also filed a motion for summary judgment (D.E. # 19 and # 20). Petitioner has likewise filed a motion for appointment of counsel and discovery (D.E. # 26) and a motion to stay (D.E. # 7). The motions are ripe for determination.

Petitioner is a prisoner of the State of North Carolina. On July 14, 2008, in the Superior Court of Dare County, Goldman, acting pro se, pled guilty to two counts of possession of more than five counterfeit instruments, and one count of breaking and entering a motor vehicle. He was sentenced to two consecutive 16-20 months imprisonment. The latter sentence was suspended for 36 months probation. Petitioner appealed the conviction through counsel, Sofie W. Hosford. However, on March 10, 2009, petitioner through counsel, filed a motion to withdraw the appeal. On March 12, 2009, the motion was allowed. No further direct appeal was undertaken.

On February 10, 2010, petitioner filed a motion for appropriate relief (MAR) in the Superior Court of Dare County. This MAR was filed pro se, but petitioner later obtained counsel, Mr. Lee I. Malco, who filed a prepared, more formal MAR on March 15, 2010. On March 16, 2010, Honorable

Jerry R. Tillett conducted an evidentiary hearing during which petitioner was represented by Mr. Malco. Petitioner acknowledges that Judge Tillett denied the MAR on March 16, 2010, but the court's written opinion was filed April 20, 2010. Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals on September 30, 2010. On October 12, 2010, certiorari was denied. In the interim, on April 7, 2010, petitioner filed a state habeas corpus petition in the Supreme Court of North Carolina, which was denied on May 28, 2010. Petitioner also asserts he filed a motion to reconsider the denial of the MAR in the Superior Court in June 2010. The motion for reconsideration was denied September 7, 2010. Petitioner filed a pro se certiorari petition in the Supreme Court of North Carolina on November 24, 2010. Certiorari was denied on February 3, 2011. This habeas corpus petition was dated December 15, 2010. Petitioner filed another pro se federal habeas petition in the Middle District on April 4, 2011, challenging an unrelated conviction from Forsyth County. Goldman v. Keller, No. 1:11CV258 (M.D.N.C.)

## ISSUES

Petitioner raises the following issues in this habeas petition: (1) coercion into pleading guilty by the prosecutor's threat to indict him for being an habitual felon; (2) violation of his right to counsel; (3) breach of plea agreement; and (4) violation of his right to withdraw his guilty plea.

## DISCUSSION

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application .. is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

On March 12, 2009, petitioner's conviction became final on direct review. See, e.g., United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The statute of limitations then ran 335 days until February 10, 2010, when he filed his MAR in the Superior Court of Dare County. See N.C.G.S. § 15A-1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15A-951(c) (2009) ("All written motions must be

filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service."); see Houston v. Lack, 487 U.S. 266, (1988); see also Byrson v. Harkleroad, 2010 U.S. Dist. Lexis 32376, p.9 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."), appeal dismissed, 2010 U.S. App. Lexis 26219 (4th Cir. December 27, 2010); Doak v. Quarterman, 271 Fed. Appx. 466, 467 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings); Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (declining to apply mailbox rule to Texas court filings where Texas did not recognize a mailbox rule for habeas actions); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule).

The MAR was summarily denied in the Superior Court of Dare County and certiorari was denied on October 12, 2010. Thus, the statute begin to run again and fully expired 30 days later on November 11, 2010. This federal habeas corpus application was not dated until December 15, 2010, and is out of time.[1] Likewise, if petitioner is attempting to rase an actual innocence exception to the

---

[1] Petitioner's November 24, 2010 certiorari petition filed in the Supreme Court of North Carolina, did not toll the one-year period of limitation under 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). This is because the Supreme Court of North Carolina lacked authority to review this matter. See N.C.G.S. §7A-28(a) (2009) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification,

statute of limitations, his efforts fail. To establish "actual innocence" sufficient to serve as a gateway through which otherwise procedurally defaulted claims can be addressed, petitioner must show that new evidence, in light of the record as a whole, makes it more likely than not, that no reasonable juror would find him guilty. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Wolfe v. Johnson, 565 F.3d 140, 163-65 (4th Cir. 2009). Petitioner fails to articulate such a standard, particularly in light of his own guilty plea.

Furthermore, equitable tolling is unavailable unless one has pursued his rights diligently and circumstances external to his own conduct prevented timely filing. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (2010) (equitable tolling available when petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'") (citation omitted); Lawrence v. Florida, 549 U.S. 327, 336 (2007) (Assuming without deciding equitable tolling available, petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") and Rouse v. Lee, 339 F.3d 238 (no equitable tolling for North Carolina petitioner in capital case who filed federal habeas petition one-day late due to miscalculation of time period by counsel). Again, petitioner has failed to articulate such extraordinary circumstances.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable

---

writ or otherwise."). See also, N.C. R. App. P. 21(e) (2011) (Court of Appeals has final say on whether certiorari will be granted from trial court's denial of MAR in cases in which death sentence has not been imposed).

jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

Accordingly, Respondent's Motion to Dismiss (D.E. # 14) the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. All other pending motions filed by either petitioner or respondent are DENIED as MOOT (D.E. # 7, 19, and 26).

SO ORDERED, this 28 day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE